IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE L. LUCIANO, | ) | CASE NO. 1:23-CV-2462 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | UNITED STATES DISTRICT JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| Defendant. | ) ) ) | **REPORT AND RECOMMENDATION** |

**I.    INTRODUCTION**

In this action challenging the denial of social security benefits, Plaintiff Denise L. Luciano ("Plaintiff") has requested to proceed in forma pauperis ("IFP") (ECF No. 2). This matter is before me pursuant to a referral under Local Rule 72.2 for preparation of a Report and Recommendation. (Non-document entry of December 28, 2023). For the reasons set forth below, I RECOMMEND that the Court DENY Plaintiff's request to proceed IFP. I further recommend that, if the Court denies Plaintiff's request to proceed IFP, she be ORDERED to pay the applicable filing fee within 14 days of the date of any such order.

**II.    BACKGROUND**

On December 28, 2023, Plaintiff filed a Motion to Proceed in Forma Pauperis. (ECF No. 2.) Plaintiff's IFP application reflects that she does not have any monthly income. (*Id.* at 2.) Plaintiff's spouse, however, earns $8,000 in gross monthly pay. (*Id.*) For assets, Plaintiff listed $300 in cash and $360 in bank accounts between herself and her spouse, a home valued at $200,000, and a 2021 vehicle valued at $20,000. (*Id.* at 2-3) Plaintiff indicated she has no monthly expenses, and her spouse has $9,304 in monthly expenses. (*Id.* at 4-5.) Specifically, Plaintiff's

1

spouse's monthly expenses include: $2,400 for food; $1,636 for payment of a home mortgage, real estate tax, and property insurance; $750 in home maintenance; $230 in transportation, not including motor vehicle payments; $786 in life and motor vehicle insurance; $400 in self-employment taxes; $725 in motor vehicle installment payments; $400 for a credit card payment; and $2,000 in regular expenses for operation of a business, though the detailed statement requested by the IFP application was not attached. (*Id.* at 4-5.) Plaintiff also indicates that her two adult sons rely on Plaintiff and her spouse for support, but she does not explain why this financial support is required or the amount of such support. (*Id.* a 3.) Finally, Plaintiff did not respond to the request on the IPF application to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings." (*Id.* at 5.)

### III.  LAW & ANALYSIS

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Rather, the relevant question is "whether the court costs can be paid without undue hardship." *Id.*

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Thomas v. Comm'r of Soc. Sec.*, No. 5:19-cv-2932, 2020 WL 1644168, at *1 (N.D. Ohio Jan. 9, 2020), *report and recommendation adopted* 2020 WL 1643016, (citing

2

*Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, *1, n.1 (D. Minn.); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *2 (E.D. Mich.); *Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at *2 (N.D. Ohio); *Reynolds v. Crawford*, 2009 WL 3908911, at *1 (S.D. Ohio) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed in forma pauperis.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), aff'd, 788 F.2d 1 (2d Cir. 1985) (table) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Thomas,* 2020 WL 1644168, at *1 (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986)).

Here, although Plaintiff's and her spouse's monthly expenditures exceed their monthly income, they have a gross monthly income $8,000; a 2021 vehicle worth $20,000; a family home worth over $200,000; and $630 in cash or bank accounts. (ECF No. 2 at 1-5.) In light of Plaintiff's and her spouse's income and assets, it appears she possesses the financial ability to cover the costs of filing the complaint without undue financial hardship. *See Levet v. Comm'r of Soc. Sec.*, No. 1:14–CV–01378, 2014 WL 3508893, at *1 (N.D. Ohio July 15, 2014) (adopting report and recommendation denying IFP based on the court's finding that, even though monthly expenditures exceeded monthly income, the plaintiff's family could pay the court costs without undue financial hardship based on their gross monthly income of $3,000 and a home worth over $100,000). Moreover, Plaintiff and her spouse spend over $2,400 a month in food for a family of two, "an expense that could reasonably be reduced to address the other expenses they profess having trouble meeting and also meet the required filing fee." *Muelfield v. Comm'r of Soc. Sec.,* No. 3:23-cv-2225, 2023 WL 2988316 at *3 (N.D. Ohio Feb. 14, 2023), *report and recommendation adopted*

3

2023 WL 3847287 (citing *Lewis v. McKinley County Bd. of Cty. Comm'rs,* 425 F. App'x 723, 732 (10th Cir. June 7, 2011)) (adopting district court's reduction of claimed monthly expenses by amounts that were excessive or not for necessities.)

Moreover, on an annualized basis, the combined annual income of Plaintiff and her spouse of $96,000 (based on monthly income of $8,000) substantially exceeds the 2023 federal poverty guideline for a family of two of $19,720. *See* HHS Poverty Guidelines for 2023, http://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Jan. 2, 2024). Courts have recognized that "[a]lthough not the applicable standard for determining entitlement to IFP status, these guidelines are used to determine financial eligibility for certain federal programs," and "[a]s such, they provide a useful reference point in determining whether an individual is in poverty and, thus, likely unable to pay the required filing fee." *Muehlfield,* 2023 WL 2988316 at *3 (citing *Levet,* 2014 WL 3508893, at *2 n.1).

All of the foregoing reasons lead me to conclude that paying the filing fee would not impose an undue hardship on Plaintiff. Instead, "this is a case where Plaintiff must 'weigh the financial constraints posed by pursuing her complaint against the merits of her claims.'" *Muehlfield,* 2023 WL 2988316, at *3 (quoting *Behmlander v. Comm'r of Soc. Sec.*, No. 12-cv-14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct. 16, 2012), *report and recommendation adopted*, 2012 WL 5457383 (E.D. Mich. Nov. 08, 2012)). Accordingly, I find that Plaintiff is not eligible to proceed IFP and recommend that the Court DENY Plaintiff's application and require her to pay the filing fee.

### IV. RECOMMENDATION

For the reasons set forth above, I RECOMMEND that the Court DENY Plaintiff's request to proceed IFP. I further recommend that, if the Court denies Plaintiff's request to proceed IFP, she be ORDERED to pay the applicable filing fee within 14 days of the date of any such order.

Dated: January 2, 2024

*/s Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

**V.    NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).