UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DENISE L. LUCIANO,** | ) | CASE NO. 1:23-CV-2462 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

On December 28, 2023, Plaintiff Luciano sought judicial review of the final decision of the Commissioner of Social Security denying her application for Social Security Disability Benefits and Supplemental Security Income benefits for lack of disability. (ECF #1.) That same day Plaintiff filed a motion to proceed *in forma pauperis*. (ECF #2.)

The matter was referred to a Magistrate Judge by local rule. (See Docket Entry 12/28/23.) On January 2, 2024, the Magistrate Judge docketed a Report and Recommendation which found that Plaintiff and her spouse had income and assets necessary to cover the costs of filing the complaint without undue hardship and recommended that Plaintiff's motion to proceed in forma pauperis be denied. (ECF #5.) The Report and Recommendation included notice to the parties regarding their opportunity to object to the Report and Recommendation and the possible outcomes for failure to object. *Id.* None of the parties filed objections.

Accordingly, on January 17, 2024, the Court adopted the Report and Recommendation, denied Plaintiff's motion to proceed *in forma pauperis* and ordered Plaintiff to pay the applicable

filing fee within 14 days or face dismissal. (ECF #6.) As of today's date, the filing fee has not been paid.

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss a case for failure to prosecute or to comply with a court order as a tool to effectively manage its docket. See *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 362-63 (6th Cir. 1999). Courts consider four factors when determining whether a case is subject to dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll*, 176 F.3d at 363).

Here, the Court finds that Plaintiff's failure to comply with the order to pay the filing fee within 14 days was due to their willfulness and fault. Although Defendant has not been prejudiced by this conduct the order included the warning that failure to comply may result in dismissal of this action. Finally, the Court concludes that an alternate sanction would not be effective because Plaintiff has already failed to fulfill her obligation to prosecute this case and ignored the prior order. After balancing these factors, the Court exercises its discretion to **DISMISS THE ACTION WITHOUT PREJUDICE** pursuant to Rule 41(b).

IT IS SO ORDERED.

/s Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 13, 2024**